IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MT SEVEN24 SUMMIT LLC                                      PLAINTIFF

v.                         No. 4:21-cv-679-DPM

TIMOTHY K. GASPAR INSURANCE
SERVICES INC.                                               DEFENDANT

## ORDER

1.      MT Seven24 Summit LLC is in the frozen yogurt business. The company is a franchisee of Menchie's Group, Inc. and sells its products out of two stores in central Arkansas. It also sells pre-packaged frozen yogurt in bulk to places like schools. For that purpose, MT Seven24 keeps, or at least kept, the pre-packaged yogurt in a warehouse in Arkansas. In May 2019, MT Seven24 reached out to Timothy K. Gaspar Insurance Services Inc., a California-based insurance agency, to help secure insurance policies to cover its business. The parties exchanged phone calls and emails. MT Seven24 signed one or more policies. At some point after the insurance went into effect, MT Seven24 realized that its Arkansas warehouse wasn't an insured location under any of its policies. The company asked Gaspar Insurance to work with the company's insurers to correct the deficiency. Despite the company's request, the yogurt in the warehouse remained uninsured. In February 2020, a large amount of

yogurt spoiled in the warehouse. A dispute about a dollar limitation on coverage developed. The deeper problem was that the spoilage wasn't an insured loss because the warehouse wasn't an insured location.

MT Seven24 has sued Gaspar Insurance for damages, alleging negligence and deceptive trade practices under Arkansas law. Gaspar Insurance moves to dismiss the case for want of personal jurisdiction. The Court has not held an evidentiary hearing to resolve disputed facts, and therefore takes the record in MT Seven24's favor. *Pederson v. Frost*, 951 F.3d 977, 979 (8th Cir. 2020).

2. Arkansas law extends personal jurisdiction as far as the Due Process Clause allows. ARK. CODE ANN. § 16-4-101(B). The Court must determine whether it's fair and reasonable, considering all the facts with jurisdictional weight, to require Gaspar Insurance to defend this action in a court sitting in Arkansas. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). MT Seven24 doesn't argue for general personal jurisdiction. It argues for specific personal jurisdiction, emphasizing that Gaspar Insurance has sufficient suit-related contacts to create a substantial connection with Arkansas. *Walden v. Fiore*, 571 U.S. 277, 284 (2014). The Court disagrees. Gaspar Insurance's conduct didn't connect it with Arkansas in a sufficiently meaningful way to support personal jurisdiction here. *Pederson*, 951

F.3d at 981; *Morningside Church, Inc. v. Rutledge*, 9 F.4th 615, 621 (8th Cir. 2021).

Gaspar Insurance's only contact with Arkansas was through MT Seven24. The complaint alleges that the parties' relationship started as early as February 2017, though the suit-related conduct took place later, sometime around May 2019. *Doc. 2 at ¶ 9*. Menchie's Group recommended Gaspar Insurance because of that agency's relationships with other franchisees in other states. MT Seven24 took the recommendation and contacted Gaspar Insurance. Between May 2019 and February 2020, the parties worked through the details over the telephone and by email. None of Gaspar Insurance's agents resided in or came to Arkansas. MT Seven24's warehouse is located here. But it wouldn't have mattered if MT Seven24 needed to insure its yogurt in California, New York, or any state in between; Gaspar Insurance's efforts in securing policies would have been the same whatever the premises' locations.

The MT Seven24/Gaspar relationship was not centered in Arkansas. *Ford Motor Co. v. Montana Eighth Judicial District Court*, 141 S.Ct. 1017, 1024–25 (2021). Gaspar Insurance's conduct wasn't here. Its alleged negligence in omitting the warehouse, and alleged deception in not correcting the omission, affected MT Seven24, rather than the state itself. *Morningside Church*, 9 F.4th at 620–21. Arkansas has an interest in providing a convenient forum for MT Seven24. On balance,

however, that interest doesn't outweigh Gaspar Insurance's due process rights. In the circumstances, there's no good cause for the jurisdictional discovery MT Seven24 requests.

* * *

Gaspar Insurance's motion to dismiss, *Doc. 5*, is granted. The complaint will be dismissed without prejudice.

So Ordered.

*NPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

7 February 2022